

Jennifer Sherven
Email: jsherven@kdvlaw.com

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Telephone: 516.681.1100
Facsimile: 516.681.1101
www.kdvlaw.com

April 7, 2021

**VIA ECF**
Judge Gary R. Brown
United Stated States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    **Collin Kaiser v. Fairfield Properties Corp., et. al.**
             **Case No: 20-civ-05399(GRB)(AYS)**

Your Honor:

      This office represents Fairfield Properties sued here in as Fairfield Properties Corp. and Susan Krecko sued herein as Sue Krecko (collectively "Defendants") in the above referenced matter. We write in compliance with Your Honor's Individual Rule II(f) to respectfully request a pre-motion conference. Specifically, Defendants seek leave to move under Fed. R. Civ. P. 12(b)(5) and 12(b)(6) for an Order dismissing the amended complaint filed by Plaintiff, Collin Kaiser ("Plaintiff"). As discussed further below, Plaintiff's Amended Complaint is fatally flawed and must be dismissed.

      Plaintiff has failed to properly serve both Defendants. As such, Defendants seek to file a motion to dismiss based on Fed R. Civ. P. 12 (b)(5) for insufficient service of process. Plaintiff's affidavit of service states that the U.S. Marshalls personally served an individual named Gus Velgi for the service of both Defendants. *See* Summons Returned Executed ECF No. 14. Gus Velgi is a security guard at the building where Defendants' office is located. "Service is proper on a corporation by either: (a)following state law for servicing a summons in action brought in the state where the district court is located or (b) serving an officer, manager, or agent authorized to receive service." *See* Fed. R. Civ. P. 4(h). Gus Velgi is not an officer, manager, or agent authorized to receive service for Defendant Fairfield Properties Corporation.

      Defendant Susan Krecko was also improperly served. New York law provides that "personal service upon a natural person shall be made by delivering the summons within the state to a personal of suitable age and discretion at the actual place of business, dwelling or usual place of abode of the person be service <u>and</u> by either mailing the summons to the person to be service at his or her last known residence…or his of her actual place of business." N.Y. C.P.L.R. § 308(2)(Emphasis Added). While the US Marshalls served a person of suitable age and discretion at Krecko's actual place of business, they failed to also mail the summons to her. Thus, Defendants have a meritorious basis to file a 12(b)(5) motion to dismiss based on improper service.

Defendants also seek to file a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's Amended Complaint alleges he was discriminated against "because [he] will be a section 8 client" in violation of the Fair Housing Act ("FHA") and Section 1983. *See* Amended Complaint ECF No. 8. Plaintiff has failed to state claim under either statute. The FHA "protects against discrimination on the basis of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604. "Source of income is not a protected class under…any provision of the FHA." *See Short v. Manhattan Apartments, Inc.*, 915 F. Supp. 2d 375 (S.D.N.Y. 2012).

Similarly, Plaintiff fails to state a claim under Section 1983 for source of income discrimination. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and the laws" of the United States. 42 U.S.C. § 1983. "In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. County of Nassau*, 292 F. 3d 307, 323 (2d Cir. 2002). Here it is not alleged, nor can it be alleged, that Defendants are either state actors or were acting under the color of state law as they are a private individual and a private company. Further, "the basic purpose of §1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights." *Townes v. City of New York*, 176 F.3d 138,147 (2d Cir. 1999). Plaintiff has failed to allege any constitutional right was violated by Defendants in his Amended Complaint and as such fails to state a plausible claim for relief.

For the foregoing reasons, Defendants respectfully request that the Court permit them to file a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6).

          Respectfully submitted,
          Kaufman Dolowich & Voluck, LLP

          */s/ Jennifer Sherven*

          Jennifer Sherven

cc:    Collin Kaiser
       59 Carr Ln
       Coram, New York 11727
       Collinkaiser40@protonmail.com

4813-8510-5636, v. 1