Collin Kaiser

Pro Se.

May 25th, 2021

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 25 2021 ★

LONG ISLAND OFFICE

To Judge Gary R Brown

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

100 Federal Plaza Central Islip, NY 11722

KAISER v. KRECKO  20-CIV-05399 (GRB)(AYS)

### Plaintiff, Collin Kaiser, requesting pre-motion conference seeking leave to move the court into summary judgement.

      To Judge Gary R Brown. Your honor, the plaintiff, Collin Kaiser, writes in regards to your individual rule II(f) to respectfully request a pre-motion conference. More specifically, the plaintiff, Collin Kaiser, seeks leave to move under Federal Rules of Civil Procedure rule 56(a) for an order of summary judgment for favorable rule over the entirety of the case. Your honor, the plaintiff, hereby requests the courts consideration of leave to move the court into summary judgement. The plaintiff will argue and show all proof needed to secure a favorable judgement with a detailed and thorough summary judgement memorandum proving there is no genuine issue to be tried. This memorandum will entail all required information consisting of factual matter with all the relevant admissible evidence to go along with. This will inevitably prove that there is no genuine dispute as to any material fact in this case and the plaintiff is entitled to judgment as a matter of law.

      The plaintiff, Collin Kaiser, will successfully argue and prove true all alleged acts of misconduct by the defendants, Fairfield Properties and Sue Krecko, which resulted in the violation of civil rights, physical, mental, and financial harm with cross references to the docketed admissible evidence. (Federal Rules of Civil Procedure rule 56 (c)(1)(a)). The plaintiff will successfully establish grounds and prove the necessity for the summary judgement which will show there is no issue to be tried. There will be no question unanswered and the evidence will prove there is nothing in dispute. Furthermore, there is no plausible defense for this case in which a trial would be necessary.

1

**Local Civil Rule 56.1 Statement**

(1) The plaintiff, Collin Kaiser, alleges that the defendants, Fairfield Properties and Sue Krecko, committed acts of misconduct in a shifty manner which made housing unavailable for him. In doing so, the plaintiff's, Collin Kaiser's, rights were violated and he endured physical, mental, and financial harm (Exhibit A pages 26-32, 87, 89, 92-129).

(2) These acts of misconduct consisted of the defendants demanding requests in regards to credit which does not make sense as the plaintiff's credit was frozen. The defendants stated that the credit was the reason behind the refusal to fill out the Section 8 paperwork, which is required to move into the apartment. The defendants claimed problematic credit and refused to fill out the required Section 8 paperwork to move into the apartment but this cannot be proven as the credit was and still is frozen since September 10th 2020. The application process with Fairfield started on October 14th 2020. This can and will be proven through docketed evidence showing all relevant emails and communications with the credit bureaus for requests to freeze credit long before any contact with Fairfield Properties about the apartment (Exhibit C pages 1-16). The defendants made this up and insinuated poor credit in an attempt to deter the plaintiff, Collin Kaiser, from pursuing the apartment.

(3) Once the defendants realized the plaintiff was correct, they proceeded to cancel the plaintiff's application for the apartment. This can and will be proven through emails between the plaintiff, Collin Kaiser, and the defendant's leasing agent Sue Krecko (Exhibit A pages 64-68).

(4) Once the defendants realized the plaintiff had been informed about the canceled application from the corporate office by a phone call, the defendants attempted to persuade the plaintiff to take back his deposit in an attempt to have the plaintiff forfeit the apartment. This can and will be proven by emails between the plaintiff and defendant's leasing agent Sue Krecko (Exhibit A pages 56-58).

(5) This resulted in the plaintiff visiting The Department of Social Services Coram, NY location to explain to the workers what he had been experiencing from Fairfield Properties. The worker at The Department of Social Services, S. Damber, informed the plaintiff that Fairfield Properties is not following protocol by refusing to fill out the Section 8 paperwork. This can and will be proven through audio between the plaintiff, Collin Kaiser, and The Department of Social Services worker S. Damber (Exhibit E).

(6) Additional evidence will prove the normal protocol for the required Section 8 paperwork to be filled out by the apartment complex first, which was filled out and done by Hawthorne Apartments (Exhibit D).

For all the reasons stated above, the plaintiff, Collin Kaiser, respectfully requests the court to grant permission of leave to move the court into summary judgement.

Respectfully submitted by

Collin Kaiser *MBA*

*[signature]*

Pro Se.

May 25th, 2021


CC: Jennifer Sherven

135 Crossway Park Drive Suite 201

Woodbury, NY 11797

JSherven@KDVLaw.com

3

Enclsd

- Pre motion Conference For plaintiff summary Judgement request.

To Clerks/Pro Se Office

5/25/2

Kaiser vs Krecko

Collin Kaiser

Collin Kaiser /s/

Case  CV-20-5399
Judge  Gary R Brown
Address  59 Carr Ln Coram NY 11727
Phone number  631 235 7280
Email  CollinKaiser40@protonmail.com

Submitting

- Pre Motion Conference for plaintiff, Collin Kaiser summary judgement request.